Gaston, .1.
 

 When this case was heretofore before us (see 2 Dev. & Bat. Eq. Rep. 60,) we directed an account to be taken of what was or ought to be in the hands of George Long, as guardian or executor of his father, Frederic Long, and that an account should also be taken of what might.be due from John Long, former guardian of the said Frederic. This has been done by the commissioner, and no exception is made to his report by the defendant George, and, therefore, as to said defendant, the report must be confirmed. Several exceptions, however, have been taken thereunto by the defendant John.
 

 The first exception is to so much of the commissioner’s report as finds the defendant John indebted in the sum of $505 75 cents, because of the personal funds, which came to his hands as guardian and were not paid over to his successor. The exception takes three distinct grounds. In the first place, it is insisted that the commissioner erred in charging the defendant with annual interest upon the balance in his hands, while he was guardian; because that guardians of lunatics are not, like guardians of minors, chargeable, in account with their wards, with compound interest. The liability of the guardian of a minor for compound interest results from the duty imposed upon him to lend out any balance in his hands upon bond with surety, and to account for the interest annually.
 
 Branch
 
 v.
 
 Arrington, 2
 
 Car. Law. Rep. 252. This was the rule before the act of Assembly was passed, directing that bonds, notes and other obligations, taken to one as guardian, should bear compound interest. Act of 1816, c. 925, Rev. Code. (Rev. St. c. 54, s. 13.) Now, as the act, authorising the appointment of guardians to lunatics, enacts that such guardians shall have the same powers to all intents, constructions and purposes, and shall
 
 *428
 
 be subject to the same rules, orders and' restrictions, as guar^ans ™in°rs) there can be no question but the same duty rests upon them of making profitable to their wards the annual balance, that may be on hand, and of course that they are subject to the same rule ol accountability. This would be the case, in our judgment, even if they had not the facilities of collecting interest, given to the guardians of minors by the act of 1816. We think, however, that, by a fair construe tion of the law, guardians of lunatics are entitled to the benefit of the facilities given by that act, equally with all other guardians.
 

 It is next insisted that the commissioner erred in charging the defendant with compound interest, after his guardianship ceased and while nis- brother George acted as guardian. Now, the decree that John shall account is based upon the declaration that John exercised a control and influence .over’George, so as to prevent the latter from calling him to .account. And as the latter is insolvent, it is just that the former shall be responsible to the same extent as the latter would have been, had he performed his duty in this respect.
 

 It is objected that the commissioner has made no allowance to John for the charge of maintaining his lunatic lather, while he acted as guardian. As we concur
 
 in the main
 
 in the conclusion, which the commissioner has drawn from the evidence, that the charge of maintaining the lunatic ought to be defrayed out of the profits of the real estate held by John, we hold that no credit, because of that charge, should be given to John in this account.
 

 The first exception is therefore over-ruled.
 

 The remaining exceptions are so connected with each other, that they may all be considered together. Before Frederic Long became a lunatic, he settled property upon several of his children, but it does not appear that he gave any absolutely to his son John or Henry. By his will, however, which was never afterwards revoked, he devised to Henry the land, which is called in the report and spoken of by the witnesses as “the old place,” and put him in the ac
 
 *429
 
 tual possession of part thereof, with licepce to use and enjoy its profits. He devised also another tract with an adjoining mill to John, and put him in possession thereof and encouraged him to clear the land, which was then a forest, and to establish a settlement on it. After the father became a lunatic, John purchased from Henry the land devised to
 
 him,
 
 and it is in evidence that, until this time, John and Henry maintained and supported theiriather without charge. Now we agree with the commissioner, that it is a fair presumption of intent on the part of the father, when this arrangement was made with these sons, that he should have what he might need for his maintenance or support out of the profits, thus permitted to be taken by them from property, of which he had given them possession, but whereunto they had no present title, and the whole charge of maintaining the father, after he became lunatic, ought we think to fall upon John, from the time he succeeded to George’s interest in the land, whereof George had been put in possession. But we do not concur with him in charging John any further because of rents. We have many reasons for disallowing such charges, but mainly and especially, because, on examining the mass of depositions, affidavits and examinations, on which the commissioner reports, there can be found
 
 no
 
 satisfactory data, upon which to state an account of rents and profits on the one side, and reparations, expenditures and charges on theother. The testimony seems to be almost universally that of opinion, and of opinion not a little influenced by the prejudices and wishes of those who testify.
 

 We direct therefore all
 
 the other matters
 
 of account, stated as to the defendant John, except the account for the personal fund, which pased through his hands, and of which we have already expressed our approbation, to be corrected, by charging him only with the amounts respectively, for which George, after he became guardian, has been credited, for and because of the maintenance of the lunatic, and with interest thereon down to the present time; allowing him all the credits, which have been found by the commissioner, to which no exception has been taken by the plaintiffs.
 

 
 *430
 
 To this extent these exceptions are allowed, and beyond this they are over-ruled.
 

 Pfr Curiam, . Ordered accordingly.